IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALYSSA CARTON,

       Plaintiff,

v.                               CIV 17-0037 KK/SCY

CARROLL VENTURES, INC.,

       Defendant.

## ORDER ADDRESSING IN FORMA PAUPERIS MOTIONS

**THIS MATTER** comes before the Court on Plaintiff's Applications to Proceed in

District Court Without Prepaying Fees or Costs ("IFP Motions") filed in the following cases:

| | |
|---|---|
| 1:17-cv-00037-KK-SCY | Carton v. Carroll Ventures Inc. |
| 1:17-cv-00038-KBM-WPL | Carton v. Cole MT Albuquerque (San Mateo) NM LLC |
| 1:17-cv-00039-SCY-LF | Carton v. Courtyard NM LLC |
| 1:17-cv-00040-KK-SCY | Carton v. HDY LLC |
| 1:17-cv-00041-SCY-WPL | Carton v. Roshni |
| 1:17-cv-00042-SCY-WPL | Carton v. Karasek, et al. |
| 1:17-cv-00043-SCY-KBM | Carton v. Laxmi Management LLC |
| 1:17-cv-00044-LF-KK | Carton v. LBC Company, LLC |
| 1:17-cv-00045-KBM-LF | Carton v. Mega Pie, LLC |
| 1:17-cv-00046-SCY-KBM | Carton v. San Mateo/Indian School, Inc. |
| 1:17-cv-00047-KK-WPL | Carton v. Spilca Nicolae & Mariana |
| 1:17-cv-00048-WPL-SCY | Carton v. Spirit Master Funding, LLC |
| 1:17-cv-00049-KK-KBM | Carton v. TMX 5200 Central LLC |
| 1:17-cv-00057-WPL-KK | Carton v. 6501 Lomas LLC |
| 1:17-cv-00058-SCY-KK | Carton v. Autozone Stores LLC |
| 1:17-cv-00059-WPL-KBM | Carton v. Bio-Medical Applications of N.M., Inc. |

| | |
|---|---|
| 1:17-cv-00060-KK-WPL | Carton v. Blakes Lotaburger, LLC |
| 1:17-cv-00061-KBM-LF | Carton v. Cimarron Holdings, LLC |
| 1:17-cv-00063-WPL-SCY | Carton v. Cole AB Albuquerque NM, LLC |
| 1:17-cv-00064-LF-WPL | Carton v. Cox and Allen, LLC |
| 1:17-cv-00065-GBW-KK | Carton v. Diamond Shamrock Stations, Inc. |
| 1:17-cv-00066-KK-KBM | Carton v. East Lomas, Partnership |
| 1:17-cv-00067-KK-KBM | Carton v. El Mirador, Inc. |
| 1:17-cv-00068-KK-LF | Carton v. ESS WCOT Owner, LLC |
| 1:17-cv-00069-LF-KK | Carton v. Goatcher Family, LTD |
| 1:17-cv-00070-WPL-KK | Carton v. Marky, et al |
| 1:17-cv-00071-SCY-LAM | Carton v. Lunnon Properties, LLC |
| 1:17-cv-00073-WPL-SCY | Carton v. Market Center East Retail Property, Inc. |
| 1:17-cv-00074-WPL-SCY | Carton v. McDonald's Corporation |
| 1:17-cv-00075-WPL-CG | Carton v. Miller Family Real Estate, LLC |
| 1:17-cv-00076-LF-WPL | Carton v. MVD Specialists, LLC |
| 1:17-cv-00077-KK-WPL | Carton v. Pacific Realty, CO |
| 1:17-cv-00078-WPL-LF | Carton v. Q Market Center, LLC |
| 1:17-cv-00080-LF-KK | Carton v. Realty Income, Corporation |
| 1:17-cv-00082-KK-KBM | Carton v. Brunetto et al |
| 1:17-cv-00083-LF-WPL | Carton v. Southwest Capital Projects, LLC |
| 1:17-cv-00084-SCY-KBM | Carton v. Westland Properties, LLC |
| 1:17-cv-00085-GJF-KBM | Carton v. Zia Trust, Inc. |
| 1:17-cv-00151-KK-WPL | Carton v. 5220 Eubank, LLC |
| 1:17-cv-00153-WPL-KK | Carton v. B+H Investments, LLC |
| 1:17-cv-00154-GBW-KK | Carton v. Fair Plaza, Inc |
| 1:17-cv-00156-SCY-LF | Carton v. Hayman Nurseries, LLC |
| 1:17-cv-00158-KBM-SCY | Carton v. Holiday Bowl, Inc. |
| 1:17-cv-00159-SMV-LF | Carton v. Kawips New Mexico, LLC |
| 1:17-cv-00160-GJF-LF | Carton v. LNU, et al |
| 1:17-cv-00161-LF-KBM | Carton v. M & E New Mexico Property, LLC |
| 1:17-cv-00162-WPL-LF | Carton v. Monarch Land, LLC |

| 1:17-cv-00163-KK-WPL | Carton v. Montgomery-Juan Tabo Properties, LLC |
| 1:17-cv-00164-SCY-WPL | Carton v. New Mexico Bank & Trust |
| 1:17-cv-00165-WPL-LF | Carton v. Pacific Bistro Partnership |
| 1:17-cv-00166-KBM-KK | Carton v. Pizza Hut of America LLC |
| 1:17-cv-00167-SCY-LF | Carton v. Jaramillo, et al |
| 1:17-cv-00168-SCY-KBM | Carton v. Garcia, et al. |
| 1:17-cv-00169-KBM-SCY | Carton v. Smith's Food and Drug Centers, Inc. |
| 1:17-cv-00170-KBM-KK | Carton v. Starlight Investments, LLC |
| 1:17-cv-00171-KK-SCY | Carton v. LNU, et al. |
| 1:17-cv-00172-LF-SCY | Carton v. McCollum, et al. |
| 1:17-cv-00173-LF-SCY | Carton v. Three J's, Limited Partnership |
| 1:17-cv-00174-KK-KBM | Carton v. Tulsi Group, LLC |
| 1:17-cv-00175-KK-SCY | Carton v. LNU, et al. |

**Joinder of Cases for Limited Purpose**

Attorney Sharon Pomeranz has filed 60 cases on behalf of Plaintiff Alyssa Carton against different defendants alleging violations of the Americans with Disabilities Act (ADA). With the exception of paragraph 31 of each complaint (which identifies the specific alleged violations at a defendant's premises), the complaints are identical. In each case, Plaintiff Carton seeks leave to proceed in forma pauperis (IFP).

Rule 42 of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common issue of law or fact," the court may "join for hearing and trial any or all matters at issue in the actions." Fed. R. Civ. P.  42(a)(1).  To promote efficiency and economy and to avoid conflicting decisions, I have concluded that these cases, listed above, should be joined for the sole purpose of addressing the IFP motions.

A magistrate judge has authority only to grant an IFP motion. As this District's Chief Judge, I will therefore join the above cases before me for the sole purpose of addressing the IFP motions. The currently assigned magistrate judges will thereafter conduct further proceedings in

3

each case, either as the presiding trial judge with consent of the parties or as the pretrial magistrate judge.

**Fees**

Plaintiff is obligated to pay the fee for instituting each of the civil actions listed above, including those cases where the Court is allowing Plaintiff to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.  Section 1915(a) does not permit litigants to avoid payment of fees; only prepayment of fees may be excused.  *See Brown v. Eppler*, 725 F.3d 1221, 1331 (10th Cir. 2013) ("all § 1915(a) does for any litigant is excuse the *pre*-payment of fees").  The fee for instituting any civil action, suit or proceeding in this Court is $400.00, which is comprised of the $350.00 filing fee, *see* 28 U.S.C. 1914(a), and a $50.00 administrative fee.  Plaintiff is therefore obligated to pay the Court $24,000.00 in fees for instituting the 60 cases listed above.

**Applications to Proceed In Forma Pauperis**

The IFP Motions Plaintiff has filed in these cases are essentially identical and show:  (i) her total monthly income is $2,500.00; (ii) her total monthly expenses are $2,295.00; (iii) she has $1,900.00 in cash; (iv) she has $1,900.00 in a checking account; and (v) she is unemployed.

Each IFP Motion shows her sources of income are $2,500.00 from employment, $600.00 from Disability, and $1,900.00 from SSDI Veterans Funds, for a total of $5,000.00.  Plaintiff indicates that her total monthly income is $2,500.00.  It appears that the $2,500.00 amount she listed as coming from "Employment" is a typographical error because Plaintiff indicates that she has no employer and is unable to work.  If the $2,500.00 employment amount is not a typographical error, Plaintiff shall, within 21 days of entry of this Order, file a notice indicating so.

**Proceedings *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

The Court will deny Plaintiff's IFP Motion in *Carton v. Carroll Ventures, Inc.*, No. 17cv0037 KK/SCY.  Plaintiff's IFP Motion indicates that she has $1,900.00 in cash, $1,900.00 in a checking account, and that her monthly income exceeds her monthly expenses by $205.00. Plaintiff shall have 21 days from entry of this Order to pay the $400.00 fee for instituting *Carton v. Carroll Ventures, Inc.*, No. 17cv0037 KK/SCY or show cause why this case should not be dismissed without prejudice for failure to pay the filing fee.

The Court will grant Plaintiff's IFP Motions in all the cases listed on the first three pages of this Order, except for the IFP Motion in *Carton v. Carroll Ventures, Inc.*, No. 17cv0037 KK/SCY.  The Court finds that Plaintiff is unable to pay the entire $15,200.00 in fees for instituting the 60 cases at this time.  The Court also finds that Plaintiff is able to make partial payments towards those fees because her monthly income exceeds her monthly expenses, which include $100.00 for recreation and entertainment, by $205.00.

Plaintiff shall, beginning one month after entry of this Order, make monthly payments in the amount of $50.00[1] to the Court.  The check shall be made payable to "United States District Court" and shall cite the following reference number:  Ref#2017PP-Carton on the check itself. Plaintiff shall mail the check to:

> USDC-DNM, Clerk of the Court
> 333 Lomas Blvd. NW, Suite 270

---

[1] $50.00 is 2 percent of her monthly income of $2,500.00, or about one sixth of her discretionary income of $305.00 ($205.00 difference between monthly expenses and monthly income, plus $100.00 monthly for recreation and entertainment).

Albuquerque, NM 87102

Plaintiff shall include a copy of this Order with the check.  Failure to timely submit the check with a copy of this Order may result in dismissal of one or more cases filed by Plaintiff.

Plaintiff shall also, beginning two months after entry of this Order and every two months afterward, file in this case an affidavit stating the amount of any additional income she received during the previous two months above the $2,500.00 monthly income that she reported in her IFP Motions.  She shall also pay half of that additional income, rounded to the nearest $50.00, to the Court in the manner described in the preceding paragraph.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service at this time.  The Complaints provide the addresses of the Places of Public Accommodation owned and/or operated by Defendants, but do not provide Defendants' addresses which are necessary for service.  Plaintiff shall file in each case a notice which provides the service address for each Defendant in that case.[2]

**IT IS ORDERED** that:

(i)  The cases listed on the first three pages of this Order are joined for the sole purpose of

---

[2] Many of the Defendants are corporations which may have agents authorized to receive service of process.

addressing the IFP motions.

(ii)  Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 13, 2017, in *Carton v. Carroll Ventures, Inc.*, No. 17cv0037 KK/SCY, is **DENIED.**  Plaintiff shall have 21 days from entry of this Order to pay the $400.00 fee for instituting a new case or show cause why this case should not be dismissed without prejudice for failure to pay the filing fee.

(iii)  Plaintiff's Applications to Proceed in District Court Without Prepaying Fees or Costs in all the cases listed on the first three pages of this Order, except for the Application in *Carton v. Carroll Ventures, Inc.*, No. 17cv0037 KK/SCY, are **GRANTED.**

(iv)  Plaintiff shall, beginning one month after entry of this Order, make monthly payments of $50.00 to the Court in the manner described above.

(v)  Plaintiff shall also, beginning two months after entry of this Order and every two months afterward, file in this case an affidavit stating the amount of any additional income she received during the previous two months above the $2,500.00 monthly income that she reported in her IFP Motions.  She shall also pay half of that additional income, rounded to the nearest $50.00, to the Court in the manner described above.

(vi)  Plaintiff shall file in each case a notice which provides the service address for each Defendant in that case.  The Court will not order service on Defendants until Plaintiff provides service addresses for Defendants.

(vii)  The Clerk of the Court shall file this Order in each of the cases listed on the first three pages of this Order.

_____
**M. CHRISTINA ARMIJO**
**CHIEF UNITED STATES DISTRICT JUDGE**

7